IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cr-149-1 |
| | ) | |
| MILLARD WILLIAMS, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

A March 7, 2018 indictment charged Millard Williams with various drug-related offenses, including Count Two that alleged possession with intent to distribute 100 grams or more of furanyl fentanyl. Williams moves to dismiss Count Two for lack of venue. For the reasons discussed below, the motion is denied.

**Background**

The following facts are taken from the parties' briefs and are viewed in the light most favorable to the government. *See United States v. Radley*, 558 F.Supp.2d 865, 873 (N.D.Ill. 2008 (Castillo, J.). On February 21, 2017, Williams was arrested in the Northern District of Georgia based on a criminal complaint filed in the Northern District of Illinois.[1] While in federal custody in Georgia awaiting removal to Chicago, Williams made several recorded jail calls to Willie Alexander, who was also in Georgia at the time. During a February 23 call, Williams asked Alexander, "You still got that address, right?" and Alexander responded in the affirmative. Later in the call Williams told Alexander that he had written him "two postcards" or "two letters," i.e., he had sent him two shipments of narcotics. On February 24, Williams called Alexander to ask if he had received "that

---

[1] *United States v. Williams*, No. 16-cr-371 (Leinenweber, J.).

letter." Alexander responded that he had not, and Williams instructed him not to do anything until they talked again.

On February 28, Williams called Alexander, who told him that two packages had been delivered on February 27 to a salon in Atlanta where Alexander worked. Williams advised him to send the contents of the packages to a "Maria Gonzalez" at an address in Chicago. On March 1, during a three-way call among Williams, Michelle Jamison, and Roland Black, Williams told Black that he would have to get the shipment from "Maria Gonzales." In addition, Williams told Jamison, who was located in Chicago, to send money to Atlanta so he could get his "clothes [drugs] up there [Chicago]." On March 2, Alexander mailed a package that contained furanyl fentanyl to the Chicago address. Law enforcement officers conducted a controlled delivery on March 9 and Black was arrested that day after he met with "Maria Gonzales" and the package was opened.

Count Two of the eight-count March 2018 indictment charges that "[o]n or about February 27, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere," Williams and his co-defendant Alexander "did knowingly and intentionally possess with intent to distribute a controlled substance, namely, 100 grams or more of a mixture and substance containing a detectable amount of furanyl fentanyl, an analogue of fentanyl [], a Schedule II Controlled Substance" in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Dkt. 1 at 2.) Williams now moves to dismiss Count Two, arguing that venue does not lie in the Northern District of Illinois. The government opposes the motion.

**Legal Standard**

Under Federal Rule of Criminal Procedure 12(b), a party may raise by pretrial motion any defense, objection, or request that the Court can determine without a trial on the merits. One such defense is that the prosecution has been instituted in an improper venue. Fed. R. Crim. P. 12(b)(3)(A)(i). The U.S. Constitution provides that criminal trials "shall be held in the state where

2

said Crimes shall have been committed." U.S. Const. Art. III, § 2. Similarly, the Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed...." U.S. Const. amend VI. Venue is not an element of the offense, however, so the government need only prove venue by a preponderance of the evidence and may do so with either direct or circumstantial evidence. *See United States v. Muhammad,* 502 F.3d 646, 652 (7th Cir. 2008).

**Discussion**

Williams argues that venue is only proper where he and Alexander allegedly possessed the furanyl fentanyl. Specifically, Williams asserts that he never actually possessed the drugs because he was in custody in Georgia on February 27, 2017, which limited any participation or control he could have exerted on Alexander's alleged possession of the furanyl fentanyl. Williams further contends that even if he constructively possessed the drugs during Alexander's actual possession, such possession occurred in Georgia, making the Northern District of Georgia the only proper venue for prosecution of Count Two.

Section 841(a)(1) of Title 21 does not contain a specific venue provision. Thus, the general venue provision contained in 18 U.S.C. § 3237(a) ("any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed") governs this case.[2] The Seventh Circuit has reiterated the Supreme Court's instructions to follow when Congress does not provide a venue in a criminal statue. "[T]here is no single defined policy or mechanical test to determine constitutional venue." *Muhammad*, 502 F.3d at 652. Rather, the Court "takes into account a number of factors-the site of the defendant's acts, the elements and nature of the crime, the locus and effect of the criminal conduct, and the suitability of each district for suitable

---

[2] *See also* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.").

fact-finding." *Id.* The flexibility of this approach reflects a concern that "an overly mechanistic approach to the location of the defendant's acts may limit unrealistically the permissible venues in terms of the policy concerns that underlie the constitutional venue guarantee." *Id.* at 654.

Applying these principles, the Court finds that venue is proper in Chicago. In order to convict Williams of violating section 841(a)(1), the government must prove that he knowingly possessed furanyl fentanyl, intended to distribute the substance to another person, and knew the substance contained some kind of a controlled substance. The Court notes that possession with intent to distribute is a continuing crime and "venue for continuing crimes is proper where the crimes began, continued, or were completed." *See United States v. Tingle*, 183 F.3d 719, 726 (7th Cir. 1999); *see also Muhammad*, 502 F.3d at 653. It is not essential that Williams ever have been physically present in the Northern District of Illinois, so long as the offense continued in this district. *Id.*

Chicago is the location where Williams planned that the package carrying the furanyl fentanyl would be delivered. Although it is true that Williams and Alexander discussed the package while they were both located in Georgia, the package with the drugs was destined for Chicago and it was retrieved in Chicago; in short, the crime continued in Chicago. "[P]laces that suffer the effects of a crime are entitled to consideration for venue purposes." *Muhammad*, 502 F.3d at 654. In summary, though Williams's criminal undertaking began in Georgia, it had an effect in the Northern District of Illinois because the place of intended distribution was Chicago. *See id.* ("In enacting the venue statute for continuing crimes, Congress recognized that, while remaining true to the constitutional guarantees, our venue rules must be sufficiently malleable to accommodate the reality that criminal activity may implicate many locations.") Taking all of the relevant factors into consideration, the Court is satisfied that venue lies properly either in the Northern District of Georgia or the Northern District of Illinois.

**Conclusion**

Because the government has shown by a preponderance of the evidence that venue is proper in the Northern District of Illinois, Williams's motion to dismiss [208] Count Two of the indictment is denied.

**IT IS SO ORDERED.**

Date: 7/20/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge