IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-CR-149 (1,3) |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| MILLARD WILLIAMS and ROLAND BLACK, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In the March 2018 indictment, defendant Millard Williams was charged with conspiracy to possess with intent to distribute 100 grams or more of furanyl fentanyl and related offenses and Roland Black was charged with attempted possession with intent to distribute 100 grams or more of furanyl fentanyl. Before the Court is the government's motion in limine to bar arguments that furanyl fentanyl is not an analogue of fentanyl and the government's supplemental in limine motion regarding jury instructions and the verdict form related to the fentanyl analogue. For the reasons discussed below, the Court grants the government's motion.

**Background**

On July 7, 2020, the Court denied defendants' motion to dismiss the May 2018 indictment brought pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). In their motion, defendants maintained that furanyl fentanyl was not an analogue of fentanyl for purposes the mandatory minimum prison terms under 21 U.S.C. § 841(b)(1)(A)(iv). Specifically, they argued because the Controlled Substances Act ("CSA") did not define the term "analogue" the definition of "controlled substance analogue" under 21 U.S.C. § 802(32) of the Controlled Substance Analogue Enforcement Act ("Analogue Act") governed. The definition of "controlled substance analogue" under § 802(32) excludes controlled substances, and because furanyl fentanyl was a scheduled controlled substance at

the time of the indictment, defendants argued that it cannot be an analogue of fentanyl. In short, defendants argued that furanyl fentanyl cannot be both a scheduled controlled substance *and* an analogue of fentanyl.

In denying defendants' motion, the Court construed the CSA and the Analogue Act concluding that the plain and ordinary meaning of the term "analogue" of fentanyl in § 841(b)(1)(A)(iv) is any substance with a structurally similar chemical compound to fentanyl. In doing so, the Court relied upon a Western District of New York case that not only discussed the plain and ordinary meaning of the term "analogue," but also highlighted that the defendants' interpretation of the Acts would lead to absurd results. *See United States v. McCray*, 346 F.Supp.3d 363 (W.D.N.Y. 2018). Specifically, the court stated that "Congress could not have intended such a perverse outcome: that the enhanced penalty provisions for fentanyl analogues apply only when the Administrator has not yet recognized the need to schedule the substances as controlled substances." *Id.* at 369. Moreover, as Judge Andrea Wood of this district concluded in denying a motion for acquittal last year, "any individual possessing or distributing a substance with a chemical structure substantially similar to fentanyl would understand that he is subject to the enhanced penalties under § 841(b)(1)(A), regardless of whether the substance was scheduled or unscheduled." *United States v. Johnson*, Case No. 17-CR-770, March 10, 2020, Order, at 3.

The Court presumes familiarity with its July 2020 ruling, which is the law of the case. *See Krieger v. United States*, 842 F.3d 490, 505 (7th Cir. 2016) ("a ruling made in an earlier phase of a litigation controls the later phases unless a good reason is shown to depart from it.").

**Discussion**

Despite the Court's denial of defendants' motion to dismiss, they argue that contrary to the government's "belief," the definition of "controlled substance analogue" under 21 U.S.C. § 802(32) controls. This is not the government's "belief," but a legal ruling made by the Court that the term

2

"analogue" of fentanyl in § 841(b)(1)(A)(iv) is any substance with a structurally similar chemical compound to fentanyl. Undeterred, defendants argue that the Court's "dicta" does not absolve the government from its obligation to prove the statutory elements of its case beyond a reasonable doubt, and that the government's definition of "analogue" in its proposed jury instructions "impermissibly lowers the applicable burden of proof." The Court disagrees.

The government proposes the following jury instruction: "An analogue of fentanyl means any substance that has a chemical structure that is substantially similar to the chemical structure of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide)." This instruction follows the Court's July 2020 ruling and accurately describes the definition of analogue. It is also the same instruction Judge Wood gave in the *Johnson* case. Meanwhile, the government also proposes a jury instruction as to the burden of proof with a correlating verdict form explaining that the government must prove beyond a reasonable doubt that furanyl fentanyl is an analogue of fentanyl, namely, the government must prove that furanyl fentanyl has a chemical structure that is substantially similar to the chemical structure of fentanyl. This is the correct statement of law and a question for the jury to decide. Therefore, defendants' argument that the government's proposed instructions impermissibly lower the applicable burden of proof is without merit.

Next, defendants take issue with the government proposing a jury instruction that furanyl fentanyl is a scheduled controlled substance because they argue that furanyl fentanyl cannot be both a scheduled controlled substance and an analogue of fentanyl. To clarify, the government's proposed instruction states: "Mixtures and substances containing a detectable amount of furanyl fentanyl are a controlled substance." Again, this jury instruction is consistent with the Court's July 2020 ruling that furanyl fentanyl can be both a scheduled controlled substance and an analogue of fentanyl for purposes of sentencing.

3

Defendants further assert that the government must prove they knew that the substance they possessed or attempted to possess, furanyl fentanyl, was either a controlled substance or that the substance was an analogue of fentanyl. Defendants' argument does not accurately reflect the controlling case law outlined in *McFadden v. United States*, 576 U.S. 186 (2015), which states:

> We hold that § 841(a)(1) requires the Government to establish that the defendant knew he was dealing with "a controlled substance." When the substance is an analogue, that knowledge requirement is met if the defendant knew that the substance was controlled under the CSA or the Analogue Act, even if he did not know its identity. The knowledge requirement is also met if the defendant knew the specific features of the substance that make it a "'controlled substance analogue.'"

*Id.* at 188–89 (citation omitted). Simply put, "a defendant must have known that the substance in question was a controlled substance or analogue" of a controlled substance. *United States v. Novak*, 841 F.3d 721, 728 (7th Cir. 2016). Thus, the scienter element does require that defendants knew the substance was an analogue of fentanyl – just that it was an analogue of a controlled substance.

Last, defendants propose a jury instruction that fentanyl is a controlled substance. The government argues that defendants were not charged with violations of the CSA as to fentanyl, but furanyl fentanyl, and thus this instruction should not be given to the jury. Indeed, any such instruction would only confuse jurors and does not accurately reflect the charges in the March 2018 indictment.

**Conclusion**

For the foregoing reasons, the Court grants the government's motion in limine to bar arguments that furanyl fentanyl is not an analogue of fentanyl and supplemental in limine motion regarding the fentanyl analogue jury instructions and verdict form [273].

**IT IS SO ORDERED.**

Date: 05/07/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4