IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-cr-149 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| MILLARD WILLIAMS and ROLAND BLACK, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants Millard Williams and Roland Black were charged with drug-related offenses in a March 2018 indictment. Due to the COVID-19 pandemic, the Court has had to reschedule defendants' jury trial, which is now set for June 18, 2021. Before the Court is defendants' motion to quash the seizure of a United States Priority Mail Express parcel with a tracking number EL453854231US and suppress the furanyl fentanyl seized from the parcel pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C). For the reasons discussed below, the Court denies defendants' motion.

**Background**

On February 21, 2017, defendant Williams was arrested in Georgia based on a federal criminal complaint and arrest warrant issued in case number 16-CR-371 in the Northern District of Illinois. Williams was charged with possession of a controlled substance, namely, MDMA (ecstasy), with the intent to distribute. He was detained in Georgia until March 2, 2017, at which time he was transferred to the Metropolitan Correctional Center ("MCC") in Chicago arriving on March 6, 2017.

While detained in Georgia, Williams made recorded jail calls to his co-defendants Black, Willie Alexander, and Michelle Jamison that were monitored by Homeland Security Investigations ("HSI"). For example, during a call on February 28, 2017, Alexander told Williams that both of his

"letters" were at the "shop" located in Atlanta. Williams then asked for the last two digits on the package and Alexander responded "83HK" indicating the international tracking number. Later in the phone call, Alexander stated that he was supposed to send "it" to Maria Gonzalez at 1008 North Springfield Avenue, Chicago, Illinois 60651.

Based on these calls, HSI Special Agent Mark Wasunyk ("Agent Wasunyk") requested United States Postal Inspector Alex Lupiani ("Inspector Lupiani") to check for packages en route to the North Springfield Avenue address in Chicago. Utilizing the post office database, Inspector Lupiani identified the Priority Mail Express parcel with a tracking number EL453854231US addressed to Maria Gonzalez in Chicago. The package had a return address of Marion Wilson, 2470 Camellia Lane NE, Atlanta, GA 30324. Further, according to a law enforcement database, the sender and recipient names on the parcel were not associated with the listed addresses. On March 6, 2017, after calling the local post office to confirm the package was there, Inspector Lupiani seized the package and brought it to his office.

Thereafter, agents utilized postal records to match the "83HK" referenced in the call made in February 2017 with a package that was shipped from Hong Kong to an Atlanta address. Inspector Lupiani also searched the telephone number associated with Williams' call through Facebook and Instagram learning it was associated with Alexander.

Agents then obtained a search warrant for the package and recovered two bags of an unknown white powder weighing approximately 508 grams and 517 grams, respectively. Powder from one of the bags field tested positive for furanyl fentanyl. On March 8, 2017, an anticipatory search warrant was signed for the North Springfield Avenue address. The following day, an undercover law enforcement officer delivered the package to a female later identified as Janet Vazquez. Upon receipt, Vazquez and co-defendant Black entered an apartment building. Once law

enforcement was alerted that the package was opened, they executed the search warrant and arrested Black.

Williams is charged with conspiracy to possess with intent to distribute 100 grams or more of furanyl fentanyl and related offenses. Black is charged with attempted possession with intent to distribute 100 grams or more of furanyl fentanyl.

**Discussion**

*Timeliness/Good Cause*

The government first argues that defendants have failed to demonstrate good cause under Rule 12(c)(3) for filing this "untimely" motion to suppress more than three years after the indictment was returned. *See United States v. Young*, 955 F.3d 608, 615 (7th Cir. 2020). Not only does the necessity of resetting trial deadlines and motion dates due to the COVID-19 pandemic establish good cause, but because the trial date is now set for June 18, 2021, the motion to suppress is not untimely in the first instance.

*Standing*

Next, the government maintains that Black and Williams do not have standing to bring their motion to suppress because they were neither the sender nor recipient of the Priority Mail Express parcel. *See United States v. Koenig*, 856 F.2d 843, 856 (7th Cir. 1988). That a package was not sent or received by a defendant does not amount to a per se rule that defendant has no standing. *See United States v. Evans*, Case No. 99-cr-01, 2001 WL 243287, at *4 (S.D. Ind. Jan. 31, 2001) (Hamilton, J.) (distinguishing *Koenig*). This is because standing for a Fourth Amendment challenge relates to a defendant's "legitimate expectation of privacy." *United States v. Rodriguez-Escalera*, 884 F.3d 661, 667 (7th Cir. 2018). In *Evans*, for example, although the package was not addressed to the defendant, evidence in the record indicated that defendant had a privacy interest in the package. *Evans*, 2001 WL 243287, at *4.

3

Here, evidence in the record establishes that both Williams and Black had legitimate privacy interests in the package. While detained in Georgia, Williams made a series of calls to his co-defendants orchestrating the shipment of the package to Chicago. In turn, Black took steps to secure the receipt of the package and was arrested after law enforcement officers executed a warrant at the designated address. This evidence demonstrates defendants' legitimate privacy interests in the package, and thus, defendants have standing to bring the present motion.

*Motion to Suppress*

The Fourth Amendment's protection against unreasonable searches and seizure extends to packages placed in the mail and is governed by the reasonable suspicion standard. *United States v. Van Leeuwen*, 90 S.Ct. 1029, 397 U.S. 249, 251-52, 25 L.Ed.2d 282 (1970). "Reasonable suspicion is a 'commonsense, nontechnical' concept that deals with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *United States v. Wanjiku*, 919 F.3d 472, 488 (7th Cir. 2019) (quoting *Ornelas v. United States*, 517 U.S. 690, 695, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). "Reasonable suspicion must account for the totality of the circumstances" and requires "more than a hunch but less than probable cause and considerably less than preponderance of the evidence." *United States v. Reedy*, 989 F.3d 548, 552 (7th Cir. 2021) (citation omitted).

Defendants move to quash the seizure of the Priority Mail Express parcel and suppress the furanyl fentanyl seized from the parcel arguing that the government lacked a reasonable suspicion because Inspector Lupiani only had a "hunch" that it contained contraband. Looking at the totality of the circumstances surrounding the investigations conducted by HSI and the postal inspectors—keeping in mind the collective knowledge doctrine—there is an abundance of evidence that Inspector Lupiani had a reasonable suspicion that the package contained contraband. *United States v.*

*Eymann*, 962 F.3d 273, 284 (7th Cir. 2020) ("where law enforcement authorities are cooperating in an investigation, as here, the knowledge of one is presumed shared by all.") (citation omitted).

In particular, HSI had been investigating Williams since at least 2015 resulting in the criminal complaint in 16-CR-371. Regarding the 2016 case, a special agent with HSI averred that United States Customs and Border Protection officers at O'Hare International Airport intercepted three parcels containing MDMA that were eventually delivered to a Chicago address where Williams was present or had just fled. Postal Inspectors recovered MDMA, drug distribution supplies, and a semi-automatic handgun when searching the apartment. Meanwhile, one day after Williams was charged in June 2016, he fled and became a fugitive.

HSI was involved in Williams' arrest on February 21, 2017 following the delivery of an international parcel containing narcotics. At that time, state law enforcement searched Williams' apartment pursuant to a warrant and recovered additional narcotics. Thereafter, while detained in Georgia, Williams made recorded jail calls to his co-defendants that were monitored by HSI. As discussed, during these phone calls, Williams orchestrated the shipment of the package, the contents of which originated in Hong Kong.

Based on HSI's investigations, Williams' history of shipping narcotics that originated overseas, and the February 2017 phone calls concerning the shipment to Chicago, HSI Special Agent Wasunyk requested Inspector Lupiani to check for packages en route to the North Springfield Avenue address in Chicago. Before seizing the package, Inspector Lupiani identified the Priority Mail Express parcel with a tracking number EL453854231US addressed to Maria Gonzalez in Chicago and concluded that the purported sender and recipient were not associated with the respective addresses. On March 6, 2017, after calling the local post office to confirm the package was there, Inspector Lupiani seized the package and brought it to his office. Based on these objective, articulable facts taken together with rational inferences, Inspector Lupiani had a

5

reasonable suspicion that the package contained contraband. The Court therefore denies defendants' motion.

*Evidentiary Hearing*

The Court denies defendants' request for an evidentiary hearings because there are no disputed issues of material fact that will affect the outcome of the motion to suppress. *United States v. Edgeworth*, 889 F.3d 350, 353 (7th Cir. 2018).

**Conclusion**

For the foregoing reasons, the Court denies defendants' motion to suppress and request for an evidentiary hearing [259].

**IT IS SO ORDERED.**

Date: 5/10/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge